**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| New Enterprises Limited, | No. CV-18-08033-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| SenesTech Incorporated and Roth Capital Partners LLC, | |
| Defendants. | |

On June 7, 2018, the Court issued the following Order:

This case was transferred to the undersigned approximately two months after it was filed. At that time, the Court noted that the civil cover sheet stated that this Court's jurisdiction is based on a federal question. (Doc. 1-1). However, upon closer review of the complaint, the Court discovered that jurisdiction is claimed to exist based solely on diversity, 28 U.S.C. § 1332. (Doc. 1 at 3). "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

Here, the complaint fails to plead diversity jurisdiction. First, Plaintiff, which is a Trust (*see* Doc. 1 at 2) fails to properly plead the citizenship of a trust. *Compare Navarro Savings Assoc. v. Lee*, 446 U.S. 458, 465-66 (1980) *with Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1016-17 (2016). Thus, Plaintiff must clarify whether it is the type of trust discussed in *Navarro* versus *Americold* and then properly allege citizenship accordingly. Second, Plaintiff fails to properly allege the citizenship of Roth Capital Partners, LLC. *See Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006) (holding that a limited liability company takes on the citizenship of each of its members).

Accordingly, Plaintiff has failed to establish that federal subject matter jurisdiction exists in this court. Therefore,

**IT IS ORDERED** that Plaintiff must show cause why this case should not be dismissed for lack of federal subject matter jurisdiction. To satisfy this show cause, Plaintiff must file a supplement to the complaint by June 15, 2018 establishing federal subject matter jurisdiction, or this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Michael DiGiacomo must

1    amend the civil cover sheet to be consistent with the complaint.

2    (Doc. 45).

3    On June 15, 2018, Plaintiff responded and "clarified" certain allegations. First,

4    Plaintiff clarified that it is in fact not a trust, but instead a corporation. (Doc. 46 at 2).

5    Plaintiff claims its citizenship is the British Virgin Islands and Singapore. (*Id.*). Plaintiff

6    further claims it is diverse from Defendant SenesTech because SenesTech is a citizen of

7    Delaware and Arizona. (*Id.*).

8    With respect to Defendant Roth, Plaintiff admits that it does not actually know

9    whether there is diversity between the parties. Instead, Plaintiff pleads on information

10   and belief that Roth is a citizen of only California. (Doc. 46 at 2-3).

11   In this case, Plaintiff argues that under *Carolina Cas. Ins. Co. v. Team Equip. Inc.*,

12   741 F.3d 1082, 1087 (9th Cir. 2014), Plaintiff may allege jurisdiction without actually

13   knowing the jurisdictional facts. Plaintiff is correct as to the holding of the case.

14   However, that case does not change the fact that this Court must assess whether it has

15   jurisdiction before it presides over this case.

16   Plaintiff goes on to state that it is waiting for Defendant Roth to answer to

17   determine whether Roth admits the jurisdictional allegation.[1] While *Carolina* suggests

18   this approach, *Carolina* does not seem to anticipate a circumstance where motions to

19   dismiss are filed before the answer, as occurred in this case. It would be pointless for this

20   Court to rule on motions to dismiss for failure to state a claim in a case over which it does

21   not have jurisdiction. Thus, the Court will resolve this jurisdictional inquiry before it

22   turns to the motions.

23   Specifically, for this Court to have jurisdiction, this Court must confirm that no

24   member of Roth is foreign.

25       Complete diversity does not exist under § 1332(a)(2) where the case is
         between "a single foreign plaintiff ... and numerous foreign defendants (in
26       addition to U.S. defendants) [.]" *Craig v. Atl. Richfield Co.,* 19 F.3d 472,

27   ─────────────
     [1]  The Court does not know why Roth has not answered as the filing of a motion to
28   dismiss for failure to state a claim does NOT extend the time to answer. (Doc. 4 at 5 ¶5).
     Plaintiff may move for default as appropriate.

476 (9th Cir.1994); *see Cheng v. Boeing Co.,* 708 F.2d 1406, 1412 (9th Cir.1983) ("Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants."); *Faysound, Ltd. v. United Coconut Chems, Inc.,* 878 F.2d 290, 295 (9th Cir.1989) (same).

*Bobolas v. Does 1-100*, No. CV-10-2056-PHX-DGC, 2010 WL 3923880, at \*1 (D. Ariz. Oct. 1, 2010); *see also Mutascu v. Botezatu*, 2018 WL 2251617, n. 5 (C.D. Cal. June 4, 2018) (noting "Even were Plaintiff were to add additional [United States] defendants, the existence of [a foreign] Defendant as a party would still defeat complete diversity. *See Guan*, 2014 WL 953757, at \*5 ('[D]iversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants, including actions between a United States citizen and an alien on one side and all aliens on the other side.'") (quotations omitted).).

Thus, Plaintiff will be given 35 days to conduct jurisdictional discovery and file a second supplement regarding this Court's jurisdiction. If this supplement does not ESTABLISH jurisdiction, this case will be dismissed without prejudice.

In this supplement, Plaintiff must also expressly clarify whether it is asserting jurisdiction based solely on diversity, or if it is also asserting jurisdiction based on a federal question, with supplemental jurisdiction over the state law claims.[2] The Court raises this inquiry because in the civil cover sheet, Plaintiff alleged that jurisdiction was based on "Diversity", but that the Nature of Suit was "850 Securities/Commodities/Exchange" and that the Cause of Action was "Common Law Fraud Securities Fraud 15 U.S.C. § 78j(b[)]," which obviously expressly relies on a federal statute.[3]

---

[2] If Plaintiff fails to establish diversity jurisdiction, but claims federal question jurisdiction, and in resolving the motions to dismiss the Court dismisses the federal claim(s), the state court claims will be dismissed without prejudice. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks*, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also Thomas v. Select Portfolio Servicing, Inc.,* 2018 WL 2356758, at \*6 (E.D. Cal. May 24, 2018).

[3] Based on this selection, the docket currently reflects that the jurisdictional basis alleged by Plaintiff was 28 U.S.C. § 1331.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff must immediately begin jurisdictional discovery and must, within 35 days, file a supplement establishing federal subject matter jurisdiction or this case will be dismissed, without prejudice.

Dated this 22nd day of June, 2018.

James A. Teilborg
Senior United States District Judge