**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| New Enterprises Limited,<br><br>Plaintiff,<br><br>v.<br><br>SenesTech Incorporated, et al.,<br><br>Defendants. | No. CV-18-08033-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff New Enterprises, Ltd.'s ("Plaintiff") Motion to Amend (Doc. 60) pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Rules"). The Court now rules on the motion.

**I. BACKGROUND**

Plaintiff filed a Complaint (Doc. 1) against Defendants SenesTech, Inc. ("Defendant SenesTech") and Roth Capital Partners, LLC ("Defendant Roth;" together with Defendant SenesTech, "Defendants") on February 20, 2018. On December 3, 2018, this Court granted Defendant SenesTech's Motion to Dismiss (Doc. 14) and Defendant Roth's Motion to Dismiss (Doc. 30) without prejudice. (*See* Doc. 57). Pursuant to this Court's Order (Doc. 57) granting dismissal and its subsequent Order (Doc. 59) granting an extension of time, Plaintiff filed the pending Motion to Amend (Doc. 60) on January 25, 2019. Along with its Motion to Amend (Doc. 60), Plaintiff also filed its proposed First Amended Complaint (Doc. 60-1) and a redline version of the proposed First Amended Complaint against the original Complaint (Doc. 60-2).

On January 31, 2019, Defendant Roth filed its "Response and Non-Opposition to Plaintiff's Motion to Amend" (Doc. 63). On February 8, 2019, Defendant SenesTech filed a Response (Doc. 64) in opposition to Plaintiff's Motion to Amend, and Plaintiff filed a Reply (Doc. 66) on February 15, 2019.

## II. LEGAL STANDARD

Rule 15(a) governs motions to amend pleadings before trial. When a party may not amend as a matter of course, Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Because Plaintiff filed the pending Motion outside Rule 15(a)(1)'s 21-day limit and Defendant SenesTech does not give its written consent for the amendments, Plaintiff may only amend its pleading with the Court's leave. *See id.* Although the Court has discretion to grant or deny a party's motion for leave to amend a pleading, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks and citations omitted). The Ninth Circuit Court of Appeals provides that "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The extremely liberal policy in favor of amendment is not completely without limitations. The Ninth Circuit has also stated that a court "determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. Generally, this determination should be made with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (internal citations omitted). "The party opposing amendment bears the burden of showing prejudice," or one of the other reasons for denying a motion to amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## III. ANALYSIS

Defendant SenesTech opposes Plaintiff's Motion to Amend on the bases of undue delay and futility. (Doc. 64 at 8, 10). Because the Court will grant leave to amend without

prejudice to filing a motion to dismiss pursuant to 12(b)(6), the Court will not analyze Defendant SenesTech's futility arguments for purposes of this Order. Rather, the Court confines its analysis to the other factors that determine the propriety of a motion to amend.

### A. Bad Faith

Defendant SenesTech does not provide any allegations of bad faith in its Response (Doc. 64), nor does the Court independently find any evidence of bad faith herein. (*See generally* Doc. 64; *see also* Doc. 66 at 2). Accordingly, the Court finds that Plaintiff's attempt to amend its original Complaint is not made in bad faith.

### B. Undue Delay

Defendant SenesTech argues that Plaintiff "unduly delayed" in seeking leave to amend. (Doc. 64 at 10). In assessing timeliness, courts both "ask whether a motion was filed within the period of time allotted by the district court, . . . and also inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation marks and citations omitted). The Ninth Circuit recognizes that "delay is not a dispositive factor in the amendment analysis, [although] it is relevant." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). As a result, "undue delay alone cannot serve as the basis for the denial of leave to amend." *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector*, 836 F.3d 1146, 1155 n.4 (9th Cir. 2016).

Here, Plaintiff filed the pending Motion to Amend within the extended deadlines established by this Court. (*See* Doc. 59 at 2). In its Motion to Amend (Doc. 60), Plaintiff states that it "became aware of the Redwood Valuation—which provides further factual support for [Plaintiff's] fraud claims—only in early January 2018." (Doc. 60 at 14). Defendant SenesTech takes issue with the notion that Plaintiff based its amended claims in part on information "known by Plaintiff before it filed the original [C]omplaint" in February 2018 (Doc. 64 at 9 ("This admission weighs in favor of denying leave as the original [C]omplaint was [not] filed until February 20, 2018.")). Plaintiff clarifies in its

Reply (Doc. 66), however, that it became aware of the "Redwood Valuation" in "early January *2019* (as opposed to early January 2018)." (Doc. 66 at 2 (emphasis in original)). In light of Plaintiff's clarification "with respect to a typographical error" and supporting Declaration (Doc. 67), Plaintiff presumably was not aware of all the facts that form the basis for its amended claims until well after the original, February 2018 Complaint was filed. (*Compare* Doc. 60 at 14 *with* Doc. 66 at 2; *see also* Doc. 67 at 2). Accordingly, the Court finds that Defendant SenesTech does not demonstrate that Plaintiff unduly delayed in seeking leave to file its proposed First Amended Complaint.

### C. Prejudice to the Opposing Party

"Courts generally conclude proposed amendments are prejudicial when, after a period of extensive discovery, a party proposes a late-tendered amendment that would fundamentally change the case to incorporate new causes of action and that would require discovery in addition to the administrative record." *Dishon v. Gorham*, No. CV-16-04069-PHX-ROS, 2018 WL 4257936, at *3 (D. Ariz. Sept. 6, 2018) (internal quotation marks and citations omitted). "However, when an amendment will not shift the theory of liability such that it delays the proceedings or requires the parties to engage in significant additional discovery, the amendment generally will not be considered prejudicial." *Id.* (citations omitted). "In light of the strong presumption in favor of granting leave to amend, any prejudice must be substantial in order to justify denial of leave to amend." *Id.* (internal quotation marks and citations omitted). To be sure, "an adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Doe v. Oesterblad*, No. CV-13-01300-PHX-SRB, 2015 WL 12940180, at *2 (D. Ariz. Mar. 2, 2015) (internal quotation marks and citations omitted).

Here, Defendant SenesTech does not specifically argue that it would be prejudiced by the proposed amendments. (*See generally* Doc. 64). Nonetheless, the Court finds that the proposed amendment would not unduly prejudice Defendants. "In this case, the amended [C]omplaint does not alter the nature of the lawsuit." *Angel Jet Services, L.L.C. v. Raytheon Health Benefits Plan*, No. 2:10-CV-01385-PHX, 2011 WL 744917, at *2 (D.

Ariz. Feb. 25, 2011). Specifically, the Court finds that the proposed First Amended Complaint "is limited to factual allegations touching on the same issues already identified in the [original Complaint]." *Id.*; (*See* Doc. 60-2 (redline version of the proposed First Amended Complaint against the original Complaint)). Plaintiff notes that the proposed First Amended Complaint "includes no new causes of action," nor does it introduce any new defendants. (Doc. 60 at 13; *see also* Doc. 60-1). Conversely, the proposed First Amended Complaint reduces the total number of claims and the number of claims that apply to each party. (*See* Doc. 60-2).

Moreover, the parties provide that they did not engage in discovery pending resolution of the motion to dismiss. (*See* Doc. 60 at 13; *see also* Doc. 64 at 9 (Defendant SenesTech acknowledges that "the parties have not yet exchanged any discovery")). Pursuant to the Court's Scheduling Order (Doc. 39), discovery will close on November 8, 2019. (Doc. 39 at 2). Plaintiff represents that, "given the schedule, the Parties will have ample time to conduct discovery in the event that this motion is granted." (Doc. 60 at 13). Accordingly, in light of the liberality given to granting motions to amend, the Court finds that the Motion to Amend does not unduly prejudice Defendants.

### D. Futility

Defendant SenesTech provides extensive argument on the issue of futility. (Doc. 64 at 10–17). Defendant Roth also notes that it "intends to file a motion to dismiss once the First Amended Complaint is filed." (Doc. 63). Accordingly, the Court determines that "Defendants raise arguments that are better-suited for a motion to dismiss, than in opposition to a motion to amend." *Angel Jet Services, L.L.C*, 2011 WL 744917, at *3. By granting leave to amend without prejudice to either or both Defendants filing a motion to dismiss pursuant to Rule 12(b)(6), "Defendants will have the opportunity to assert such arguments at a later date, if they so choose." *Id.*

///

///

///

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff New Enterprises, Ltd.'s Motion to Amend (Doc. 60) is **GRANTED**. Plaintiff shall file the proposed First Amended Complaint (Doc. 60-1) within two (2) days of the date of this Order.

Dated this 5th day of April, 2019.

James A. Teilborg
Senior United States District Judge