**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| New Enterprises Limited,<br><br>Plaintiff,<br><br>v.<br><br>SenesTech Incorporated, et al.,<br><br>Defendants. | No. CV-18-08033-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's unopposed motion to extend deadlines. (Doc. 83). The Court notes that the first deadline sought to be extended (the deadline for the party with the burden of proof to make expert disclosures) has already expired. Thus, Plaintiff's suggestion that the "good cause" standard applies (Doc. 83-1 at 1) is in error, as excusable neglect must be shown to extend an expired deadline. Fed. R. Civ. Pro. 6(b)(1)(B). The Court is very concerned that Plaintiff is not exercising diligence in allowing deadlines to expire without moving for an extension of time. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'").

As to whether Plaintiff has shown good cause or excusable neglect, in the motion for extension of time, Plaintiff states, "Because this case involves a claim governed by the Private Securities Litigation Reform Act ["PSLRA"], a mandatory stay of discovery was in place while the motions to dismiss were pending." (Doc. 83 at 2). This statement is a

misrepresentation of the record, in that the Court previously directed the parties to begin discovery as to all claims not governed by the PSLRA. Specifically, at the Rule 16 conference, the Court held,

> Now, you have proceeded to tell me that you don't have to comply with the mandatory initial discovery requirements because you said this is a PSLRA case, and I'm not going to quarrel with that being exempted, and I'm not going to decide today whether it is or isn't, because I don't need to decide it. And I -- and you -- you've also said to me, we don't have to give you any dates, Judge, because we're exempt from it.
> Well, I'm going to set some dates today, and -- because it's pretty clear to me -- admittedly on a fairly cursory examination of the pending motions, that, for example, at least there's a breach of contract case in here that can't be subject to the -- to the PSLRA protocol. So I'm going to set some dates, and -- and then I'm going to leave to you to work out among yourselves what kind of discovery you can agree needs to be done and what kind of discovery you -- somebody claims has to abide the denial of one or more of the motions.
> And I might add, again, I just got a cursory look at one of the motions on the -- on the breach of contract, and certainly I -- it's premature for me to predict whether it will survive the motion, but -- but my point is that there's some -- there's some motions there that are not -- that I think are not PSLRA-driven.
> So I'm going to set [] deadline[s] …

(Doc. 48 at 21).[1]

Between the Rule 16 conference on May 30, 2018, and the currently pending motion for extension of time filed on August 26, 2019, the parties never sought a stay of discovery nor an extension of the discovery deadlines. The Court seriously questions whether ignoring a court order is good cause or excusable neglect.

In the motion for extension of time, Plaintiff seeks an extension of time to file dispositive motions to April 3, 2020. (Doc. 83 at 2). In this Court's Order of April 26, 2018, the Court stated,

> **THE PARTIES ARE CAUTIONED that it is the practice of this Court to not extend the Dispositive Motion Deadline beyond the two-year anniversary of the case being filed in or removed to Federal Court, nor to allow the Discovery Cut-Off to extend beyond 30 days before the Dispositive Motion Deadline.** Accordingly, delays in effectuating service

---

[1] The Mandatory Initial Discovery Pilot Project ("MIDP") exempts only causes of action arising under the PSLRA, not entire cases. (Doc. 4 at 3); *see Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1078 (10th Cir. 2007) (explaining that rules supersede earlier-enacted statutes that conflict with the rule). Thus, even if the PSLRA previously stayed entire cases prior to May 1, 2017 (*see SG Cowen Sec. Corp. v. U.S. Dist. Court for N. Dist. of CA,* 189 F.3d 909, 912–13 (9th Cir. 1999)), that was superseded by the MIDP. Accordingly, although the parties appear to have disregarded this Court's Rule 16 deadlines, they were not free to do so under the PSLRA.

of process, the filing of or pendency of motions, settlement discussions or mediation, etc., will not be considered as justification to exceed the above-referenced two-year deadline.

(Doc. 22 at 2). The Court repeated this warning at the Rule 16 conference, stating,

> One of the takeaways from this afternoon's hearing is that I will not allow the dispositive motion deadline to extend past the date -- the two-year anniversary of the date the case came into federal court. So whether it comes in by direct filing or by way of removal, I will simply not let the dispositive motion deadline extend past the two-year anniversary of that date. And the reason is, I need to get dispositive motions on file within two years so I can get them ruled on and get the case disposed of within three years. …

(Doc. 48 at 14-15).

This case was filed February 20, 2018. Thus, April 3, 2020 is beyond this two-year limitation. Plaintiff makes no mention of this in the motion for extension of time; nor does Plaintiff mention that the Court already advised the parties that choosing to engage in multiple rounds of motions to dismiss would not be a basis for extending discovery.

Against the foregoing procedural history, the Court is not inclined to extend the deadlines. However, the current December 6, 2019 dispositive motion deadline could be extended two and one-half months and still be within this Court's two-year deadline. Accordingly, the Court will give the parties approximately five months to complete discovery not withstanding their lack of diligence to date. The parties are cautioned that they must prioritize this case, and complete discovery within these deadlines because there will be NO EXTENSIONS of these deadlines.

Based on the foregoing,

**IT IS ORDERED** that the motion for extension of time (Doc. 83) is denied.

**IT IS FURTHER ORDERED** setting the remaining deadlines in this case as follows (any deadline not specifically referenced below is not extended):

(1) The party with the burden of proof on an issue shall make all expert disclosures required by the Federal Rules of Civil Procedure no later than **October 21, 2019**;

(2) The responding party (not having the burden of proof on the issue) shall make all expert disclosures required by the Federal Rules of Civil Procedure no later than

**November 22, 2019**;

(3) The party with the burden of proof on the issue shall make its rebuttal expert disclosure, if any, no later than **December 20, 2019**;

(4) All discovery, including depositions of parties, witnesses, and experts, answers to interrogatories, and supplements to interrogatories must be completed by **January 21, 2020**; and

(5) All dispositive motions shall be filed no later than **February 20, 2020**.

**IT IS FURTHER ORDERED** that there will be **NO FURTHER EXTENSIONS** of these deadlines.

Dated this 27th day of August, 2019.

James A. Teilborg
Senior United States District Judge